# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

```
JANE DOE,

      Plaintiff,

v.                                    CV 5:24-005

COFFEE REGIONAL MEDICAL CENTER,
INC.,

      Defendant.
```

### ORDER

Before the Court is Plaintiff Jane Doe's motion to remand, dkt. no. 19, wherein she argues Defendant Coffee Regional Medical Center, Inc.'s removal of this case was improper. The motion has been fully briefed, dkt. nos. 24, 26, and is ripe for review.

### BACKGROUND

Plaintiff initiated this putative class action in the Superior Court of Coffee County, Georgia, on December 9, 2023. Dkt. No. 1-1 at 1. Plaintiff states she brings this action "to address Defendant's improper practice of disclosing the confidential Personally Identifying Information ('PII') and/or Protected Health Information ('PHI') . . . of Plaintiff and the proposed Class Members to third parties," including Facebook, Google, and potential others, "via tracking technologies used on [Defendant's] website." Id. ¶ 1.

On January 16, 2024, Defendant removed the case to this Court based on federal question jurisdiction. Dkt. No. 1 ¶ 2 (citing 28 U.S.C. § 1331). In its notice of removal, Defendant explains:

> In the Complaint, Plaintiff alleges that Defendant violated Section 5 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45 (Unfair or Deceptive Acts or Practices), the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320(d), and the HIPAA Privacy Rule and Security Rule, 45 C.F.R. § 160 and § 164. Because Plaintiff's Complaint raises questions arising under federal statutory law—here, HIPAA and the FTC Act—federal question jurisdiction exists. *See* 28 U.S.C. § 1331.

Id. ¶ 3.

Indeed, in the complaint,[1] Plaintiff alleges that, through its website, Defendant has violated both HIPAA rules and FTC standards. Dkt. No. 1-1 at 26, 27. However, Plaintiff brings against Defendant only state-law claims, including claims of negligence, negligence *per se*, invasion of privacy, breach of implied contract, unjust enrichment, breach of fiduciary duty, breach of confidence, and bailment. See id. at 38-48. On February 6, 2024, Plaintiff amended her complaint, dkt. no. 17, splitting her invasion of privacy claim into two separate counts (intrusion upon seclusion and disclosure of private facts), id. at 45-47, and

---

[1] "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc., No. 8:18-CV-233-EAK-AAS, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1163-64 (5th Cir. 1988)).

2

adding a claim for violation of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*, id. at 55.

In her motion to remand, Plaintiff argues her complaint "raises only claims under state law" which "do not 'arise under' federal law" and, therefore, removal was improper and this case should be remanded to state court. Dkt. No. 19-1. Defendant opposes the motion. Dkt. No. 24.

## LEGAL AUTHORITY

Federal courts are courts of limited jurisdiction and may only hear cases that they have been authorized to hear by the Constitution or by Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). The general removal statute, 28 U.S.C. § 1441, allows removal of actions "of which the district courts of the United States have original jurisdiction." § 1441(a). Thus, a suit may be removed to federal court under § 1441 only if it could have been brought there originally.

Under 28 U.S.C. § 1447(c), a federal court must remand an action that has been removed from state court if it appears the removal was improper. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (citation omitted). Due to federalism concerns, federal courts strictly construe the requirements of removal

3

jurisdiction and remand all cases in which jurisdiction is doubtful. See Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003); see also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). When the parties disagree on the existence of jurisdiction, "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

"The existence of federal jurisdiction is tested at the time of removal." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-95 (11th Cir. 2008). The Court thus focuses on jurisdictional facts as they existed when Defendant filed its notice of removal. See Burns, 31 F.3d at 1097 n.13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal." (emphasis and citations omitted)).

## DISCUSSION

In its notice of removal, Defendant asserts removal is proper because Plaintiff's claims arise under federal law. Dkt. No. 1 ¶ 3 ("Because Plaintiff's Complaint raises questions arising under federal statutory law—here, HIPAA and the FTC Act—federal question jurisdiction exists." (citing 28 U.S.C. § 1331)). In her motion to remand, Plaintiff argues that though her complaint refers to two federal laws, HIPAA and the FTC Act, her state-law claims "rest on alterative, non-federal grounds." Dkt. No. 19-1 at 7.

A case arises under federal law in two ways. See Gunn v. Minton, 568 U.S. 251, 257 (2013). First, "a case arises under federal law when federal law creates the cause of action asserted." Id. (citing Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). Second, "where a claim finds its origins in state rather than federal law . . . [the Supreme Court] has identified a 'special and small category' of cases in which arising under jurisdiction still lies." Id. at 258 (citing Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006)). In establishing the "contours of this slim category," the Supreme Court has set out a four-element inquiry, each element of which needs to be established before conferring federal question jurisdiction. Id. Federal jurisdiction over a state law claim will lie if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id. (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313-14 (2005)).

Defendant does not argue that federal law "creates" Plaintiff's state-law causes of action. Rather, Defendant argues this case "falls squarely within the small category of cases that trigger federal question jurisdiction even though no federal cause of action is asserted." Dkt. No. 24 at 1-2.

5

I.   **Plaintiff's Motion to Remand**

Defendant argues "Plaintiff's Complaint is almost entirely based on [Defendant']s alleged violation of HIPAA" and its "alleged unlawful collection, use, and disclosure of protected health information." Dkt. No. 24 at 2. Defendant asserts "[t]he sufficiency of Plaintiff's Complaint, and the outcome of this case, is dependent on the application and interpretation of HIPAA." Id.

On the first page of Plaintiff's complaint, she defines "personally identifying information" and "protected health information" by referencing FTC and HIPAA regulations, respectively. Dkt. No. 1-1 at 1. Identifying information, as defined by the FTC, is "any name or number that may be used, alone or in conjunction with any information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number." Id. at 1 n.1 (citing 17 C.F.R. § 248.201(b)(8)). Protected health information, as defined by HIPAA, is "individually identifiable information relating to the past, present, or future health status of an individual that is created, collected, or transmitted, or maintained by a HIPAA-covered entity in relation to the provision of healthcare, payment for healthcare

6

services, or use in healthcare operations." Id. at 1 n.2 (citing 45 C.F.R. § 160.103).

Several of Plaintiff's claims for relief implicate the FTC and HIPPA. See, e.g., id. at 38 (negligence claim asserting that Defendant owed Plaintiff a duty in handling and using her private information, including implementing industry-standard privacy procedures); id. at 40 (negligence *per se* claim asserting that "[p]ursuant to the laws . . . including the FTC Act, HIPAA, the HIPAA Privacy Rule and Security Rule(s)," "Defendant was required by law to maintain adequate and reasonable data and cybersecurity measures to maintain the security and privacy of [Plaintiff's] Private Information"); id. at 42 (invasion of privacy claim asserting that Defendant's disclosure of Plaintiff's private information to third parties without Plaintiff's knowledge or consent is "an intentional intrusion").

Even though her state law claims reference HIPAA and the FTC Act, Plaintiff argues her claims "do not 'arise under' federal law under the narrow rule established in Grable." Dkt. No. 19-1 at 1. Defendant argues that all four Grable factors are met.

**A. Whether a Federal Issue is Necessarily Raised**

The Court turns to the first Grable factor, that is, whether Plaintiff's state law claims "necessarily raise a stated federal issue." Grable, 545 U.S. at 314. Defendant argues this factor is met because, in order to evaluate the merit of Plaintiff's claims,

7

"the Court must first interpret HIPAA to see if the information allegedly disclosed by [Defendant] is indeed protected health information." Dkt. No. 24 at 4. Further, Defendant contends the Court would necessarily be required by Plaintiff's allegations to determine whether Defendant's conduct violates the FTC Act. Id. at 5. Specifically, Defendant argues "Plaintiff intended to use HIPAA and the FTC Act to supply the duties and breaches she must prove as required elements of her negligence claim, negligence per se claim, invasion of privacy claim and breach of implied contract claim." Id. at 7. Next, Defendant maintains that Plaintiff's complaint is distinguishable from the complaints in cases where courts have found only "passing reference" to federal law does not create "arising under" jurisdiction, because Plaintiff's complaint "references HIPAA statutes and regulations, the FTC or the FTC Act in at least twenty-six (26) paragraphs." Id. at 5, 6 (citing Marshall v. Ga. CVS Pharmacy, LLC, 580 F. Supp. 3d 1301, 1312 (N.D. Ga. 2022) ("This passing reference to HIPAA does not 'necessarily raise' a federal issue under Grable.")). Defendant also argues "Plaintiff relies on federal legislation to support her Complaint because there is no law in Georgia that would require [Defendant] to protect Plaintiff's information." Id. at 7.

Plaintiff first opposes Defendant's contention that Georgia law does not require Defendant to protect Plaintiff's private information. Dkt. No. 26 at 4. As Plaintiff points out, district

8

courts in Georgia applying Georgia law have held that the "[d]efendant owed [plaintiffs] a duty based on [d]efendant's alleged knowledge of the foreseeable risk of a data breach and the resulting exposure of [p]laintiffs' information." Tracy v. Elekta, Inc., 667 F. Supp. 3d 1276, 1284 (N.D. Ga. 2023) (quoting Purvis v. Aveanna Healthcare, LLC, 563 F. Supp. 3d 1360, 1368 (N.D. Ga. 2021)). Thus, Defendant's argument that Plaintiff's state law claims necessarily raise a federal issue because Plaintiff has to rely on federal law to support those claims is without merit. And while Defendant is correct that Plaintiff's complaint does more than merely reference HIPAA and the FTC Act, Defendant cites no authority for the proposition that *more* than mere reference to federal law automatically means a federal issue is necessarily raised.

As for Defendant's main argument—put simply, that Plaintiff's state law claims necessarily raise a federal issue because most or all of Plaintiff's claims implicate HIPAA and the FTC Act and/or their regulations—the Supreme Court in Grable has already rejected that argument. The Grable Court noted that, in the Supreme Court's decision in Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804 (1986), the Court "thought it improbable that the Congress, having made no provision for a federal cause of action," as is the case with HIPAA violations, "would have meant to welcome any state-law tort case implicating federal law 'solely because the violation of

9

the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law." Id. at 319 (quoting Merrell Dow, 478 U.S. at 811-12). "As Gunn makes clear, the fact that [Plaintiff's] state law claims turn in part on the application of federal laws . . . is not enough to satisfy Grable." Haith ex rel. Accretive Health, Inc. v. Bronfman, 928 F. Supp. 2d 964, 970 (N.D. Ill. 2013). Therefore, though Plaintiff's state law claims certainly implicate federal law, the Court is not convinced that Defendant has met its burden to show Plaintiff's state law claims necessarily raise a federal issue.

### B. Whether a Federal Issue is Substantial

Skipping to the third Grable factor—whether the state law claims raise a substantial federal issue—Defendant argues Plaintiff acknowledges same in her complaint. Specifically, Defendant points to Plaintiff's allegation that according to a bulletin issued by the U.S. Department of Health and Human Services' Office for Civil Rights, "HIPAA Rules apply when the information that regulated entities collect through tracking technologies or disclose to tracking technology vendors includes protected health information." Dkt. No. 24 at 9; see also Dkt. No. 1-1 ¶ 108. Defendant argues this is a "nearly pure issue of law." Dkt. No. 24 at 9.

With respect to the "substantial" Grable factor, the Supreme Court has distinguished cases that present a "nearly pure issue of

10

law" that would govern numerous other cases, from those that are "fact-bound and situation-specific." Empire Healthchoice, 547 U.S. at 699. That is, for a case to involve a substantial federal issue, it must be one significant "to the federal system as a whole" as opposed to only the parties. Gunn, 568 U.S. at 260. Generally, state law claims raise a substantial federal issue when "the federal government itself seeks access to a federal forum, an action of the federal government must be adjudicated, or where the validity of a federal statute is in question." MHA LLC v. HealthFirst, Inc., 629 F. App'x 409, 413 n.6 (3d Cir. 2015) (citing Gunn, 568 U.S. at 260-61). This case does not meet the standard.

Defendant's argument that this case will require a court to analyze and interpret multiple federal statutes and regulatory provisions, perhaps some of which have not been previously adjudicated, is simply not enough to meet Grable's substantiality requirement. "[T]he state court's rulings will not bind the federal courts in future cases and will have no preclusive effect beyond the parties to the state litigation, and the possibility that the parties might be subjected to a state court's incorrect interpretation of federal law does not suffice to create 'arising under' jurisdiction." Haith, 923 F. Supp. 2d at 970 (citing Gunn, 568 U.S. at 263). "The state court's resolution of those federal issues, in other words, will not have effects beyond the parties

11

to th[is suit] and certainly could not pose a threat to the workings of the federal system as a whole." Id.

> Here, the federal issue Plaintiff[] allude[s] to in [her] Complaint . . . is not substantial in the relevant sense. Whether [Defendant] violated HIPAA may be important to the Parties (and to [Defendant's] patients), but there is no indication that Plaintiff['s] claims for relief . . . implicate an interpretation or application of some part of HIPAA that will be important to the federal system as a whole. No doubt statutory and regulatory compliance is a federal interest in the abstract, but that alone cannot be enough to classify a federal issue as substantial. If it were, there would be no need to consider the "direct[ness]" of the Government's interest in the availability of a federal forum, as the Supreme Court did in Grable, 545 U.S. at 315, and the type and number of cases falling in this "special and small" category would expand, seemingly without limit, Empire Healthchoice, 547 U.S. at 699. The HIPAA question is plainly not a "pure issue of law" that will be dispositive of the case. Id. at 700. No pure legal issue has been identified. As far as the record reflects, there is only a fact question of whether [Defendant] violated HIPAA. There is no indication that the resolution of this case will control some meaningful number of other cases, especially considering the fact-intensive nature of the issue here. Finally, though it is true that HIPAA safeguards important privacy interests, cases concerning violations of these safeguards do not implicate a national interest comparable to the Government's ability to recover delinquent taxes at issue in Grable, 545 U.S. at 315, or the constitutional validity of the Government's bond issuance in Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 201 (1921).

Furzland v. Baumli, No. 22-CV-1131, 2022 WL 2918984, at *3 (D. Minn. July 25, 2022).

### C. Whether a Federal Issue is Capable of Resolution in Federal Court Without Disrupting the Federal-State Balance

With regard to the fourth Grable factor—whether a federal issue is capable of resolution in federal court without disrupting the federal-state balance—Defendant argues that allowing this case to proceed in this Court "would not 'materially affect, or threaten to affect, the normal current of litigation.'" Dkt. No. 24 at 10 (quoting Grable, 545 U.S. at 319). Defendant states "this lawsuit is one of many across the country that seeks to impose liability on healthcare providers for the use of commonplace internet technologies" and argues that "fairness and common since require that when a plaintiff chooses to place alleged violations of HIPAA and the FTC Act squarely at the heart of her state law claims, a defendant is entitled to a federal forum for the resolution of such fundamental issues of federal law." Id. Defendant fails to see the broader picture.

"[T]he exercise of federal jurisdiction is not absolute; the federal issue will 'qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.'" Furzland, 2022 WL 2918984, at *4 (quoting Grable, 545 U.S. at 313–14). "Analyzing this factor includes, among other things, considering the practical consequences to the federal courts' caseload likely to result from accepting jurisdiction over this case and others like it." Id. As

the Supreme Court explained in Grable, summarizing the rationale underlying its earlier decision in Merrell Dow:

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. "The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings." A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts.

Id. (quoting Grable, 545 U.S. at 318-19 (citing Merrell Dow, 478 U.S. at 811-12)).

"These considerations lead here to the conclusion that there is not subject-matter jurisdiction over Plaintiff['s] claims because it would be inconsistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Id. "Plaintiff['s] HIPAA allegations seem to fit into [her] tort claims in a way that innumerable alleged federal-law violations fit into state-law claims: as a fact tending to satisfy an element or elements of the state claim." Id.

"Despite the fact that the information that is the subject of this litigation is protected by HIPAA, this is a standard state-law tort case." Med 4 Home, Inc. v. Geriatric Servs. of Am., Inc., No. CV 08-1912-PHX-JAT, 2008 WL 4905499, at *3 (D. Ariz. Nov. 13, 2008). "Perhaps this particular information has an extra level of confidentiality/protection because of HIPAA, but such protection

14

does not convert these claims into federal claims." Id. "Accordingly, applying the factors derived from Grable,[2] this Court does not find the claims in this case arise under federal law." Id.

## II. Plaintiff's Request for Attorney's Fees

In her motion to remand, Plaintiff requests attorney fees, pursuant to 28 U.S.C. § 1447(c), for Defendant's "frivolous removal." Dkt. No. 19-1 at 9. Plaintiff argues that Defendant's notice of removal "fails to specify how Plaintiff's Complaint raises federal questions," "is entirely conclusory," and propounds arguments which "have been repeatedly rejected by federal courts." Id. Plaintiff contends "the only discernible purpose for Defendant's removal here is to have vexatiously multiplied the litigation." Id.

Section 1447 provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). As the Supreme Court has stated, § 1447(c) "provides that a remand order 'may' require payment of attorney's fees—not 'shall' or 'should.'" Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). "The word 'may' clearly connotes

---

[2] Having found that Plaintiff's state law claims do not meet the first, third and fourth Grable factors, the Court need not address whether the claims meet the second Grable factor—whether a federal issue is actually disputed.

15

discretion." Id. (alteration removed) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 533 (1994)).

"The fact that an award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales, does not mean that no legal standard governs that discretion." Id. at 139. "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141.

Defendant argues that "[e]ven if this Court were to find that Defendant's arguments for removal lack merit, it would not be sufficient grounds for a finding that Defendant lacked an objectively reasonable basis to remove this case." Dkt. No. 24 at 10. Defendant argues that Plaintiff's complaint "is rife with references to federal legislation and federal issues," and, further, that Plaintiff "offers no evidence that Defendant was

16

simply trying to waste the Court's time by filing a notice of removal." Id. at 11.

The Court finds Defendant had an objectively reasonable basis to remove this case. Though there is significant case law reflecting that state law claims which merely implicate HIPAA belong in state—not federal—court, Defendant's belief that this case is distinguishable from those cases, based on the U.S. Department of Health and Human Services' Office for Civil Rights' relatively recent bulletin regulating the use of website tracking technologies, is reasonable. Further, Plaintiff has presented no evidence to show that Defendant's removal of this case was meant to prolong this litigation. Therefore, Plaintiff's motion for attorney fees is **DENIED**.

## CONCLUSION

Because Plaintiff's claims do not arise under federal law, this case was improperly removed. Therefore, Plaintiff's motion to remand, dkt. no. 19, is **GRANTED**. However, Plaintiff's motion for attorney fees, id., is **DENIED**. This case is hereby **REMANDED** to the Superior Court of Coffee County.

**SO ORDERED**, this 29th day of April, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

17